UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN E. MACARTHUR,<br><br>                Plaintiff,<br><br>      v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER, SOCIAL SECURITY<br>ADMINISTRATION,<br><br>                Defendant. | NO. ED CV 05-0553-CT<br><br>OPINION AND ORDER |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On June 29, 2005, plaintiff, Helen E. MacArthur ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On August 15, 2005, the parties filed a consent to proceed before the magistrate judge. On October 12, 2005, plaintiff filed a brief with points and authorities in support Of remand or reversal. On November 10, 2005, the defendant filed a brief in opposition to relief requested in complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On June 26, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since July 3, 2001 due to breast cancer. (TR 47, 59).[1] The application was denied initially and upon reconsideration. (TR 23-26, 28-31).

On October 6, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 32). On September 27, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 182-194). On January 11, 2005, the ALJ issued a decision that plaintiff was not disabled, notwithstanding her past breast cancer history, surgery and chemotherapy/radiation treatment residuals because she had the residual functional capacity ("RFC") to perform a range of light work including her past relevant work as a receptionist.[2] Thus, the ALJ concluded plaintiff was not eligible for benefits. (TR 13-18). On February 4, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 8). On April 29, 2005, the request was denied. (TR 3-5). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is contained at pages 13-18 of the administrative record and materially summarizes the evidence in the

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

[2] Plaintiff worked during chemotherapy and radiation. (TR 187).

case.

## PLAINTIFF'S CONTENTIONS

Plaintiff contends the ALJ erred by failing to:

1. Properly consider the opinion of the treating physician;
2. Make proper credibility findings; and,
3. Consider lay witness testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## DISCUSSION

1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful

3

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the person is unable to perform other work. 20 C.F.R. §404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2. <u>Issues</u>

A. <u>Treating physician</u>

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of her treating physician, whose illegible signatures appear on clinical notes evaluating her for physical therapy on July 24, 2003. (TR 160-61).

A treating physician's opinion generally is entitled to great weight. <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)); <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." <u>Andrews v. Shalala</u>, 53 at 1041 (citing <u>Magallanes v. Bowen</u>, 881 F.2d at 751). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. <u>See</u> 20 C.F.R. §§ 404.1527.

The record in this case reveals that plaintiff had a partial mastectomy for breast cancer in 1999 followed by additional treatment including, but not limited to, lumpectomy, chemotherapy, radiation and the drug Tamoxifen. In July 2003, she was referred to physical therapy for lymphedema.[3] (TR 100, 162). Plaintiff complains that the ALJ ignored the treating physician's assessment that plaintiff has impaired activities of daily living and poor endurance.

As plaintiff concedes, the signature of the person making these notations is not legible. Moreover, they do **not** in fact, appear to be

---

[3] According to www.lymphnet.org, lymphedema is an accumulation of lymphatic fluid that causes swelling.

signed by a physician or physicians[4] and they **do** reflect improvement in endurance. Additionally, there is no indication that the notes were intended to reflect plaintiff's inability to work for at least 12 months, as disability is defined by the Act. Moreover, it is the responsibility of the ALJ, not plaintiff's physical therapist, to determine plaintiff's residual functional capacity. Vertigan v. Halter, 260 F. 3d 1044, 1049 (9th Cir. 2001).

The ALJ specifically considered the records of plaintiff's physical therapy and observed that she was discharged in improved condition. (TR 15). The ALJ did not materially err in failing to consider these brief notations in the physical therapy records as a treating physician's opinion that plaintiff is disabled as defined by the Act.

B. Credibility

Plaintiff essentially testified that she could not return to her job as a receptionist because her back aches if she sits too long and she has to recline after 15 minutes of physical activity because of the pain. (TR 188-89). Plaintiff contends the ALJ erred in his credibility findings because he did not articulate his reasons for finding her testimony not credible.

If the Commissioner finds plaintiff's allegations of severity not credible, the Commissioner must make specific findings which support this conclusion. The Commissioner's findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude that the Commissioner rejected plaintiff's testimony on permissible grounds and did not arbitrarily discredit plaintiff's

---

[4]The designation after the therapist's name appears to be "MT" or "MPT."

1 testimony regarding pain. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th
2 Cir. 1991).
3     In this case, the ALJ made the following findings with respect to
4 plaintiff's allegations of disabling pain:

> The Administrative Law Judge has carefully considered the [plaintiff's] allegations of the nature, severity, and functionality limiting effects of her impairments and symptoms pursuant to the law of the Ninth Circuit Court of Appeals, Social Security Rulings 96-3P, 96-4P, 96-7P, and pertinent regulations and rejects those allegations for the following clear and convincing reasons. The [plaintiff] has undergone no mental health treatment, reported no ongoing mental health symptoms, and reported mental health medications on only two occasion. The record indicates that the [plaintiff] reported symptoms of fatigue on only two occasions, only one of which was prior to the expiration of her insured status. Treating records indicate that the [plaintiff's] condition is stable, that there has been no recurrence of cancer, and that she reports no significant ongoing signs or symptoms other than for stable neuropathy and lymphedema, with some improvement following the physical therapy. Regardless, considering the [plaintiff's] ongoing signs, symptoms and findings, the [plaintiff's] treating physicians specifically opined that the [plaintiff] was not disabled and did not set forth any opinions regarding specific work-related limitations. Moreover, the state agency medical expert program physicians concluded that the [plaintiff] was able to perform a range of light work. As regards any continuous period of not less than 12 months prior to the expiration of the [plaintiff's] insured status, no significant medications side effects are reported in the [plaintiff's] treating records, with the record indicating that the [plaintiff's] medications control her impairments to the point that work-related activities within the parameters found by the state agency are not precluded.

21 (TR 16-17).
22     In finding that plaintiff could do **light** work as a receptionist,
23 the ALJ's findings, which are supported by the record, are free from
24 material legal error.
25        C.   <u>Lay Witness Testimony</u>
26     Plaintiff contends that the ALJ erred in failing to consider the

testimony of plaintiff's friend Roland Blazedale, II[5].  Mr. Blazedale essentially testified consistently with plaintiff.  (TR 191-93).

"[D]escriptions by friends and family members in a position to observe [plaintiff's] symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987); see also Crane v. Shalala, 76 F.3d 251, 254 (1996). The ALJ may not discount witness reports solely because they were procured by plaintiff. Crane v. Shalala, 76 F.3d at 254 (citing Ratto v. Secretary, Dept. of Health & Human Servs., 839 F. Supp. 1415, 1426 (D. Or. 1993)). However, recent regulations and social security rulings indicate that consideration of a law witness statements is permissive, not mandatory.  20 C.F.R. §404.1513(d)(4); SSR 95-5p.  Here, the ALJ specifically stated in the written decision, that Mr. Blazedale appeared and testified and that he carefully considered all testimony at the hearing.  (TR 13).

In sum, the court concludes that the ALJ's considered Mr. Blazedale's testimony and determined that plaintiff was able to return to her past relevant work as a receptionist, discounting that testimony for the same reasons he rejected plaintiff's allegation of disabling pain.  The Commissioner' decision is supported by substantial evidence and free from material legal error.

## CONCLUSION

Plaintiff clearly had breast cancer in 1999 and suffered as a result of the follow-up examinations and treatments.  However, a

---

[5] The ALJ spelled plaintiff's friend's name "Blaisdell." However, even if not considered, Mr. Blazedale's testimony does not relate to the relevant time period.

plaintiff who can still perform work in the national economy, even with severe impairments, is not disabled as that term is defined by the Act. See generally Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir. 1991). Furthermore, if the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: November 22, 2005

        / S /
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE